**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| *In Re:* | * | |
| MASTERCRAFT INTERIORS, LTD. | * | (Chapter 11) |
| KIMELS OF ROCKVILLE, INC., | * | Case Nos. 06-12769 (PM) and |
|     Debtors. | * | 06-12770 (PM) |
| | * | |

*****************************************************************************

| | | |
|---|---|---|
| BRADFORD F. ENGLANDER, | * | |
| In his capacity as Plan Administrator for | * | |
| Mastercraft Interiors, Ltd., and Kimels of | * | |
| Rockville, Inc., | * | |
| | * | |
|     Plaintiff, | * | |
| | * | |
|        v. | * | Civil Action No: AW-09-0021 |
| | * | |
| DOUGLAS GOMEZ, *et al.*, | * | |
| | * | |
|     Defendants. | * | |
| | * | |

*****************************************************************************

**<u>MEMORANDUM OPINION</u>**

This matter comes before the Court on appeal from an interlocutory order of the United States Bankruptcy Court for the District of Maryland ("Bankruptcy Court"). Currently pending before the Court is Plaintiff's Motion for Leave to Appeal (Paper 1) pursuant to 28 U.S.C. 158. The Court has reviewed the parties' filings with respect to the instant Motion. For the reasons stated more fully below, the Court will grant Plaintiff's Motion for Leave to Appeal.

**I.     Factual and Procedural Background**

The Plaintiff, duly appointed successor and representative of Debtors' estates, filed a Complaint in the Bankruptcy Court against several Defendants for damages under chapter five of Title 11 of the U.S. Code as well as for other relief on May 14, 2008. The Plaintiff amended this

Complaint on September 22, 2008. The Defendants named in the Amended Complaint are all former officers, directors, and persons in control of the Debtors. Defendants Carolyn Gomez and Douglas Gomez filed a Motion to Dismiss Counts XI, negligence, and XII, gross negligence, of the Amended Complaint on October 21, 2008. After the Bankruptcy Court granted Defendants' Motion to Dismiss, the Plaintiff filed the instant Motion for Leave to Appeal.

**II.     Standard of Review**

Section 158(a) of Title 28 of the United States Code confers jurisdiction on the district courts of the United States to hear appeals from bankruptcy proceedings. *See* 28 U.S.C. § 158(a). That section grants jurisdiction in three particular instances; "(1) from final judgments, order, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time period referred to in section 1121 of such title; and (3) with leave of the court, from other interlocutory orders and decrees." *Id.* Although section 158 does not provide guidance on what standard to apply when considering an Motion for Leave to Appeal under 158(a)(3), the majority of courts, including those in the Fourth Circuit, have applied the standard found in 28 U.S.C. 1292(b). *See Atlantic Textile Group, Inc. v. Neal*, 191 B.R. 652 (E.D. Va. 1996). This section states:

> "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. 28 U.S.C. § 1292(b).

Thus, this Court should grant leave to appeal if "(1) the order involves a controlling question of law, (2) to which there is a substantial ground for difference of opinion; and (3) immediate appeal would materially advance the termination of the litigation." *Atlantic Textile Group, Inc. v. Neal*, 191 B.R.

652, 653 (E.D. Va. 1996) (citing *In re Swann Ltd. Partnership*, 128 B.R. 138, 140 (D. Md. 1991)).

**III.   Analysis**

While they reject the factual allegations in the Plaintiff's Motion, the Defendants do not contest the Motion for Leave to Appeal. Therefore, finding that the Bankruptcy Court's order dismissing Counts XI, negligence, and XII, gross negligence, involves a controlling question of law, to which there is substantial ground for difference of opinion, and that immediate appeal would materially advance the termination of the litigation, this Court will grant the Plaintiff's Motion for Leave to Appeal.

| | |
|---|---|
| <u>   July 22, 2009   </u><br>Date | <u>              /s/             </u><br>Alexander Williams, Jr.<br>United States District Judge |